**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ERLINA CHRISTIANI WINATA; HENDRIK SUSANTO LIE, <br><br> Petitioners, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 13-70260 <br><br> Agency Nos.   A087-702-093 <br> A087-702-094 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 24, 2016[**]

Before:    LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

Erlina Christiani Winata and Hendrik Susanto Lie, natives and citizens of

Indonesia, petition for review of the Board of Immigration Appeals' ("BIA") order

dismissing their appeal from an immigration judge's decision denying their

application for asylum, withholding of removal, and protection under the

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT").  We have jurisdiction under

8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings,

*Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny the

petition for review.

Substantial evidence supports the BIA's conclusion that the government

rebutted petitioners' presumption of future persecution by establishing a

fundamental change in circumstances.  *See* 8 C.F.R. § 1208.13(b)(1)(i)(A); *see also*

*Gonzalez-Hernandez v. Ashcroft*, 336 F.3d 995, 998-99 (9th Cir. 2003) (record did

not compel the conclusion that the government failed to rebut the presumption of

future persecution); *cf. Boer-Sedano v. Gonzales*, 418 F.3d 1082, 1091-92 (9th Cir.

2005).  We reject petitioners' contentions that the agency erred in its analysis or

did not consider Winata's explanations for her numerous lengthy returns to

Indonesia.  Thus, petitioners' asylum claim fails.

Because petitioners failed to establish eligibility for asylum, they necessarily

failed to meet the more stringent standard for withholding of removal.  *See*

*Zehatye*, 453 F.3d at 1190.

Finally, substantial evidence also supports the agency's denial of petitioners'

CAT claim because they failed to show it is more likely than not that they would

be tortured by or with the consent or acquiescence of the Indonesian government.
*See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**